*R. C. Gregory*, for the defendants.

---

### THE STATE *v.* FARLEY and Another.

The governor's pardon of a person convicted of a crime does not discharge the defendant from the costs of prosecution; nor is the governor authorized to remit the costs in such case.

Nov. Term,
1846.

THE STATE
v.
FARLEY.

Monday,
November 30.

ERROR to the *Jefferson* Circuit Court.

DEWEY, J.—At the *March* term, 1843, of the *Jefferson* Circuit Court, the defendants in error were convicted on an indictment for kidnapping, and sentenced to two years' imprisonment in the state-prison, to pay a fine of five dollars each, and the costs of prosecution taxed at 34 dollars and 81½ cents. On the 3d of *April*, 1843, the governor pardoned the convicts, released them from confinement, and also remitted the fines and costs. On the 18th of *September*, 1843, an execution in the name of the state issued against the convicts for the costs. At the *September* term, 1844, the *Jefferson* Circuit Court, on the motion of the defendants in error, and on the production of the governor's letter of pardon and remission, ordered satisfaction of the judgment for the fines and costs to be entered, and discharged the defendants in error from the execution for costs. To reverse this order so far as the costs are concerned, the state prosecutes this writ of error.

The question is whether the governor had the power to remit the costs?

By the 10th section of the 4th article of the constitution, the governor is empowered "to remit fines and forfeitures, grant reprieves and pardons, except in cases of impeachments." The laws in force when the defendants in error were convicted, allowed witnesses and officers certain fees in criminal cases, R. S. 1838, p. 287, *et seq.*, and required that the costs of prosecution should be included in the judgment against the convict. R. S. 1838, p. 220. The pardoning power of the crown, by the common law, from which the above provision of our constitution was borrowed, though very extensive, cannot impair the rights of third persons, acquired in consequence of a forfeiture. *Rex* v. *Amery*, 2 T. R. 515. Nor can the king, though he may have the power to pardon an offence, and defeat a prosecution for it, release, by a subsequent pardon, a convicted person from costs which have been regularly taxed against him, and in which individuals have a private interest. *Hall's case*, 5 Coke, 51.

There is nothing in the language of our constitution to exempt the pardoning power of the governor from a similar

restriction; and we think his power is thus restricted. The costs, which the defendants in error were adjudged to pay, belonged to individuals; they were matters of private right. Our opinion therefore is, that the pardon granted to the defendants in error had not the effect of discharging the costs; and that the express remission of the costs, contained in the letter of pardon, was an unauthorized act. The Circuit Court erred in discharging the defendants in error from the costs. The execution against them was valid.

*Per Curiam.*—That part of the judgment which discharged the defendants from the costs is reversed with costs; and the residue is affirmed. Cause remanded, &c.

*A. A. Hammond* and *J. H. Bradley*, for the state.

*J. G. Marshall*, for the defendants.