## THE STATE *v.* W. M. UNDERWOOD.

An appeal by the defendant in a criminal case to the Supreme Court, vacates the judgment below; *therefore*, in such a case, where the Supreme Court had decided that there was *no error*, and, upon the transcript being returned, the Solicitor moved for judgment: *Held*, that the defendant upon producing an unconditional *pardon*, had a right to be discharged without paying costs.

MOTION, for discharge, by a defendant in a case of larceny, made before *Buxton, J.*, at Fall Term 1869 of UNION Court.

The defendant had been convicted of larceny, and having appealed to the Supreme Court, judgment had been rendered there, that there was no error (63 N. C. 98,) and a transcript had been sent down accordingly.  Thereupon, the Solicitor for the State moved for judgment; but the defendant, having produced an unconditional *pardon* from the Governor, moved that he be discharged, and that without paying costs. The Solicitor resisted the latter part of such motion.  His Honor allowed the motion, and the Solicitor appealed.

STATE *v.* UNDERWOOD.

*F. H. Busbee,* for the Attorney-General.
*No counsel, contra.*

SETTLE, J.   It has been a common practice in this State
to grant pardons upon condition that the defendant pay all
costs, &c.

Here, however, there is a general pardon of the offence,
without condition.   This was pleaded in open Court, after
a prayer by the Solicitor for judgment.   His Honor was of
opinion that the effect of the pardon, was to discharge the
defendant, and that he had no power to impose costs or any
other conditions.   In this opinion we concur.

In *Baldry* v. *Packard,* Cro. Charles, 47, cited upon the
argument by the Attorney-General, which was a suit in the
Spiritual Court for defamation, in which the parties had be-
come interested in the question of costs; and, so in *Hall's
case,* 3 Coke, 103, it is held that while all proceedings in the
Ecclesiastical Court *ex-officio,* are for the King and, while,
therefore, he may pardon any or all suits there pending, still
after sentence given and costs taxed for the party, the par-
don shall not discharge them.   But, if the pardon had been
obtained before the sentence, then the pardon had discharged
the whole, for then the Court could not have proceeded to any
sentence of the principal, and by consequence, not as to the
costs which are but accessory.   It is true that it is there re-
solved, that, although an appeal suspends the sentence for
divers purposes, yet, by the first sentence *the party,* notwith-
standing the appeal, had an interest in the costs which could
not be discharged by the King's pardon, and, that, therefore,
as to this purpose, the first sentence is not suspended by the
appeal.   But we are not disposed to adopt this reasoning in a
a case like ours, which is simply a prosecution in behalf of the
State.   We think that the appeal to the Supreme Court va-
cated the judgment of the Superior Court for all purposes,

and the defendant's being pardoned before judgment, puts an end to the whole matter. How it would have been had the pardon not been granted until after judgment, we will not undertake to decide until the case is properly before us.

PER CURIAM.                                    Affirmed.