## Estep v. Lacy.

Costs: EFFECT OF PARDON ON RIGHT TO RECOVER. A general pardon from the executive to a convict does not operate as a remission of the judgment for costs against him.

*Appeal from Louisa District Court.*

TUESDAY, DECEMBER 12.

ACTION of replevin for certain property seized by the defendant as sheriff, in virtue of an execution for costs in a case of the State of Iowa against plaintiff. Plaintiff alleges that he received a full and complete pardon from the governor, and that this operated as a remission of the judgment for fine and costs. Judgment for defendant. Plaintiff appeals.

*Cloud & Broomhall* for the appellant.

*D. N. Sprague* and *M. E. Cutts,* attorney-general, for the appellee.

DAY, J.— Upon the trial the fact that plaintiff had received a full and unqualified pardon was proved, and it was admitted that defendant was entitled to a judgment, unless plaintiff was discharged from the payment of the costs in question by the pardon of the governor. In our opinion the court below ruled rightly. Although the costs follow the conviction as a necessary incident, yet they constitute a fund distinct from the fine, and are eventually due the witnesses and the various officers of the law.

They are not affected by a general pardon · discharging a convict from a fine and judgment of imprisonment. Upon this point see the following: *County of Schuylkill* v. *Rufsnider,* 46 Penn. 446; *State* v. *McO'Blenis,* 21 Mo. 272; *Holliday* v. *The People,* 5 Gill. 214; *State* v. *Farley,* 8 Blackf. 229; *Ex parte McDonald,* 2 Whart. 440.

Affirmed.