## STATE v. ADOLPHUS MOONEY.

Fees due officers of the court are vested rights by law; and are not discharged when a defendant receives an unconditional pardon, after conviction and sentence, from the Governor of the State.

(*State* v. *Underwood*, 64 N. C. Rep. 599, cited and distinguished from this.)

This was a MOTION, by the Solicitor, for a rule on the defendant to show cause why execution should not issue against him for the cost in *State* v. *Adolphus Mooney*. tried at Spring Term, 1875. The motion was heard before *Schenck*, *J.*, at Fall Term, 1875, of RUTHERFORD Superior Court. The facts necessary to an understanding of the case, as decided in this court, are fully stated in the opinion of Justice BYNUM.

There was judgment against the defendant, whereupon an appeal was craved and granted.

*R. C. Badger*, for the appellant.
*Attorney General Hargrove*, contra.

BYNUM, J.  At the Spring Term, 1875, of the Superior Court of Rutherford county, the defendant, Mooney, was indicted, submitted for an assault and battery upon Elias Carrier, and was by the court sentenced to one month's imprisonment in the county jail, and judgment was given against him for the costs of the prosecution. Before his term of confinement had expired, the defendant obtained an unconditional pardon from the Governor of the State, and was discharged from jail without having paid the costs. At the instance of the Solicitor, a rule was taken on the defendant, returnable to the next term, to show cause why execution should not issue for the costs. In answer to the rule, he set forth his said pardon and pleaded the same as a discharge from the payment of the costs. His Honor held that such was not the effect of the pardon, and ordered that the execution do issue; and the de-

fendant appealed to this court. There is no error. By Art.
III, sec. 6, of the Constitution, the Governor is invested with
power to grant reprieves, commutations and pardons, after
conviction, for all offences except in cases of impeachment.
In the *State* v. *Underwood*, 64 N. C., 599, it was held that
where the pardon is pleaded after verdict and before judg-
ment, it will discharge the defendant from the costs. How
it would be if the pardon had been granted after judgment,
was left an open question, and it is now presented for our de-
cision.

The costs and fees in criminal prosecutions are regulated by
statute. Bat. Rev. chap. 105, and the acts of 1873–'74, chap.
175. It is expressly provided in chap. 33, sec. 80, Bat. Rev.,
that "every person convicted of an offence, or confessing him-
self guilty, or submitting to the court, shall pay the costs of
the prosecution."

The legal effect of a conviction and judgment is to vest the
right to the costs in those entitled to receive them. The judg-
ment, though nominally in the name of the State, is, in effect,
in favor of those performing services in the case for which
fees are given as a compensation. An absolute pardon dis-
charges a fine imposed, because that goes to the public, and
the Governor represents the public, but the costs belong to
private persons, and the pardon can no more discharge the
costs, than it can discharge a debt due by the defendant to a
third person. In *Holliday* v. *The People*, 5 Gill., 214, the
defendant was convicted and sentenced to thirty days impris-
onment and one hundred dollars fine. He was afterwards
pardoned by the Governor, and it was held that the fine was
thereby discharged, but that the prisoner was not released,
either from the payment of the costs incurred by him, or the
costs of the prosecution. So in *Kemp* v. *Lacy*, 35 Iowa, 419,
an action of replevin was brought against the sheriff for seiz-
ing the property of the plaintiff by virtue of an execution for
costs in a case of the State of Iowa against the plaintiff. The

plaintiff alleged that he had received a full pardon from the Governor, and that this operated as a remission of the judgment for fine and costs. But the court held that although the costs follow the conviction as a necessary incident, yet they constitute a fund distinct from the fine, and are eventually due the witnesses and the various officers of the law.

In *How* v. *the State*, 2 Bay. 565, one Kelly had been convicted of crime and fined by the court £50, of which one-half went to the informer. The sheriff who had the execution for the fine being called on by a rule to show cause why the money had not been collected and paid over, produced the Governor's pardon for the whole, as well for the moiety which went to the informer as for the other moiety which went to the State. It was, however, held by the court that the Governor had no right to remit any fine or forfeiture specifically appropriated, and that the fees due the officers of the court were vested rights by law as much as the moiety of the fine to the informer, and equally beyond the Governor's power of remission.

This is but an affirmance of the principles of the common law, which allows the King the right of pardoning forfeitures, &c., but not so as to affect private rights vested in third persons by law. 2 Durn. & East., 569 ; 5 Co. 51 ; 3 Inst. 238. Also 46 Penn. 446 ; 8 Black. 229 ; 2 Whart. 440.

PER CURIAM.                                        Judgment affirmed.