THE STATE OF KANSAS V. FRANK BABBITT.

INFORMATION, *Duly Filed; No Error.* An information charging the defendant with a misdemeanor was filed on April 15, 1884, after the court had adjourned its March term for 1884 from March 29, 1884, to April 22, 1884. Upon the filing of the complaint, the defendant was arrested upon the warrant issued thereon, and after his arrest gave bond for his appearance in the district court. No proceeding was taken to release or discharge him from his arrest prior to the reconvening of court. After the court had convened, pursuant to adjournment, and on April 23, 1884, the defendant moved the court to strike the information from the files, and to dismiss the action; upon the ground that the information was not filed in term-time, or within twenty days preceding a regular term of the court; the motion was overruled. *Held,* Not error.

*Appeal from Allen District Court.*

INFORMATION for selling intoxicating liquor contrary to law. May 2, 1884, the jury found the defendant *Babbitt* guilty on the sixth count in the information, and not guilty on the first, second, third, fourth and fifth counts thereof. Motions for a new trial and in arrest of judgment were overruled. May 5, 1884, the court sentenced the defendant to be confined in the jail of Allen county for a period of sixty days from said date, to pay the costs of the prosecution, to enter into a bond in the sum of $2,000 for his good behavior, for a period of two years from the date aforesaid, and to stand committed to the jail of said county until the costs in the case are paid and the required bond is given. *Babbitt* appeals.

*G. P. Smith,* for appellant.

*G. A. Amos,* county attorney, for The State.

The opinion of the court was delivered by

HORTON, C. J.: In this case the information was verified as follows:

"STATE OF KANSAS, ALLEN COUNTY, ss.—G. A. Amos, of lawful age, being sworn, on his oath says, that he is county attorney of Allen county, Kansas, and that the facts set forth in the foregoing information are true.— G. A. AMOS. Subscribed and sworn to before me, this 15th day of April, 1884.—J. A. HEATH, Notary Public."

Within the authority of *The State v. Gleason*, just decided, the verification is sufficient, and the court properly overruled the motion to set aside and quash the proceedings. That the information was filed on April 15, 1884, after the court, on March 29, 1884, had adjourned its March term to April 22, 1884, was no ground to strike the information from the files of the court. Section 67 of the criminal code reads:

"Informations may be filed during term-time, or within twenty days preceding the term, in any court having jurisdiction of the offense specified therein, (except in cases of fugitives from justice, which may be filed with the clerk in vacation,) by the prosecuting attorney of the proper county as informant. He shall subscribe his name thereto, and indorse thereon the names of the witnesses known to him at the time of filing the same."

Section 126 of the criminal code further reads:

"When an indictment is found, the court may direct the clerk to issue a warrant returnable forthwith. If no order is made, the clerk must issue a warrant upon all indictments within twenty days after the close of the term. Warrants shall be issued upon information, as soon as practicable after their filing. The clerk, at the time of issuing a warrant, must issue a summons for the witnesses."

Even if there was any irregularity in the issuance of the warrant in the first instance, as the complaint was supported by oath, and as the defendant after his arrest gave bond for his appearance in the district court, and as no proceeding was taken prior to the time at which the court convened, on April 22, 1884, to release or discharge him from arrest, and as, at

A. T. & S. F. Rld. Co. v. Thul.

its session on April 22, 1884, there was on file in the court a good and sufficient complaint against the defendant; and as the defendant was personally present before the court, the court, under the circumstances, had jurisdiction to hear and try the action, and did not err in refusing to strike the information from the files, and did not err in refusing to dismiss the case.

The judgment of the district court will therefore be affirmed.

All the Justices concurring.