*In the Matter of the Petition of* J. R. BOYD *for a Writ of Habeas Corpus.*

1. FINE AND COSTS; *Discharge from Prison.* Where a defendant in a criminal prosecution is sentenced to pay a fine and the costs of the prosecution, and to be imprisoned in the county jail until such fine and costs are paid, and it appears to the county board that he is unable to pay the entire amount of the fine and costs, the county board may in its discretion discharge such defendant absolutely from the imprisonment, or may discharge him upon the condition that he pay either the fine or the costs, or some portion of one or the other, or of both.

2. PARDON —*Defendant Still Liable for Costs.* In such a case an unconditional pardon from the governor will not release the defendant from his liability to pay the costs, or to be imprisoned therefor in case they are not paid. The judgment for costs, and that the defendant be imprisoned until such costs are paid, is no part of the punishment, but is merely a means of enforcing the legal obligation resting upon the defendant to pay the costs which he by his original wrongful act and his subsequent acts has caused to be made, and which have accrued in the prosecution subsequent to the act for which he is punished, and have accrued, not to the public merely, but to individuals, and are given to such individuals as *compensation for their services* performed in the prosecution. The right to these costs, and the means for their collection, are vested rights which cannot be disturbed, or abridged or lessened by any pardon which the governor may grant.

3. ———— *Costs* — *Debts.*   Nor are such costs debts, within the meaning of the constitutional provision forbidding imprisonment for debt.

4. ———— *Rearrest.*   In such a case, where the defendant has been imprisoned by the sheriff upon a certified transcript of the judgment, and has afterward been released conditionally by the county board, and the condition has not been complied with or fulfilled, the sheriff may again imprison the defendant upon the same transcript.

### *Original Proceedings in Habeas Corpus.*

PETITION for a writ of *habeas corpus*, filed in this court September 3, 1885, by *J. R. Boyd* against *Chester Thomas, jr.*, as sheriff and jailer of Shawnee county.   The material facts are stated in the opinion herein, filed January 8, 1886.

*L. J. Webb*, for petitioner.

*S. B. Bradford*, attorney general, *Chas. Curtis*, county attorney, and *Edwin A. Austin*, for respondent.

The opinion of the court was delivered by

VALENTINE, J.: This is a proceeding in *habeas corpus* brought originally in this court, wherein the petitioner, J. R. Boyd, alleges that he is illegally restrained of his liberty. The facts of the case, as they appear from the pleadings, are substantially as follows: On May 13, 1884, the petitioner was convicted in the district court of Shawnee county of selling intoxicating liquors in violation of law, and was fined $300 and adjudged to pay the costs of the prosecution, amounting to $107.60, and required to enter into a bond for good behavior in the sum of $1,000, and to stand committed to the county jail until the judgment should be complied with.   On the same day the petitioner executed the bond required of him, but has utterly failed to pay the fine or costs, or any part thereof.   On May 21, 1884, the clerk of the district court delivered to the sheriff a certified transcript of the judgment, and on the same day the sheriff arrested the petitioner and committed him to jail, whereupon the board of county commissioners, upon petition and proof duly made, discharged the petitioner from custody upon the condition that within sixty

days thereafter the petitioner, Boyd, should pay the costs adjudged against him, and for which the county is responsible. On January 5, 1885, the governor of the state granted a general pardon to the petitioner for the offense of which he had been convicted, and restored him, so far as it was within the power of the governor to do so, to all the rights, privileges, immunities and franchises which he possessed before the conviction. On September 3, 1885, the sheriff, Chester Thomas, jr., again arrested the petitioner, and committed him to the county jail upon the transcript of the judgment before mentioned, delivered to the sheriff on May 21, 1884.

Upon the foregoing facts, the following questions arise: (1.) Did the order of the board of county commissioners absolutely release the petitioner not only from his actual imprisonment, but from all liability to be imprisoned in the future on the aforementioned judgment, notwithstanding any failure or refusal on his part to pay the costs of the prosecution adjudged against him and for which the county is responsible, and notwithstanding the condition contained in the order? (2.) Did the pardon of the governor absolutely release the petitioner from all imprisonment and from all liability to be imprisoned, notwithstanding his failure and refusal to pay such costs? (3.) Is imprisonment to enforce the payment of costs in a case like this, imprisonment for debt within the interdiction of § 16 of the bill of rights, which provides that "no person shall be imprisoned for debt, except in cases of fraud"? (4.) May the petitioner be arrested a second time and held in custody under the same transcript of the judgment, where the judgment relating to imprisonment is not wholly complied with or satisfied?

The first three questions we think must be answered in the negative, and the fourth in the affirmative.

I. The order of the county board discharging the petitioner from imprisonment was made under § 253 of the criminal code. That section gives the power to the county board to discharge absolutely from imprisonment any person imprisoned for a failure to pay a fine or costs.

But the power to discharge, we think, is discretionary in the board, and being discretionary, we think the board may exercise the whole of it or only a part thereof, and may discharge the party imprisoned absolutely or only conditionally. We think the board may discharge the party imprisoned upon the condition that he pay either the fine or the costs, or some portion of one or the other, or of both. Such a discharge will not in any case, under the statutes, operate to release the person discharged from the obligation to pay all, or any portion of the fine and costs. It will only release such person from imprisonment. Where the discharge is absolute, then such fine and costs can be collected only by execution. But where the discharge is conditional, then they can be collected within the terms of the condition, or by execution.

II. The pardon of the governor in the present case is unconditional in its terms; but still we think that the governor has no power to release a convicted criminal from his liability to pay the costs of the prosecution adjudged against him. A judgment against a defendant in a criminal prosecution for costs, and that he be imprisoned in the county jail until such costs are paid, is not a part of the punishment inflicted upon him. (*McMeekin v. The State*, 48 Ga. 335; *Brock v. The State*, 22 id. 98, 100, 101; *The State v. Schmidt*, ante, p. 399; eighth paragraph of the syllabus, and the corresponding portion of the opinion.) Such a judgment is merely a means of enforcing the legal obligation resting upon the defendant to pay the costs which he, by his original wrongful act and his subsequent acts, has caused to be made, and which have accrued in the prosecution subsequent to the act for which he is punished; and these costs have not accrued to the public merely, but have accrued to individuals, and are given to such individuals as compensation for their services performed in the prosecution; and the right to these costs, and the means for their collection, are vested rights, which cannot be disturbed or abridged or lessened by any pardon which the governor may grant. (*The State v. Mooney*, 74 N. C. 98; *Smith v. The State*, 6 Lea, 637.) Indeed, the proposition that a pardon granted

by the governor cannot release a convicted person, in a case like this, from the payment of the costs adjudged against him, is sustained by an almost unbroken current of authority. Among the authorities, see the following: *Ex parte McDonald*, 2 Wharton, 440; *Estep v. Lacy*, 35 Iowa, 419; *The State, v. Farley*, 8 Blackf. 229; *The State v. McOblenis*, 21 Mo. 272; *Holliday v. The People*, 10 Ill. 214; *Schuylkill Co. v. Reifsnyder*, 46 Pa. St. 446; *The State v. Mooney*, 74 N. C. 98; *Smith v. The State*, 6 Lea, 637; *Libby v. Nicola*, 21 Ohio St. 414; 1 Bish. Crim. Law, § 916.

III. Neither do we think that the costs adjudged against the petitioner are debts within the meaning of the constitutional provision forbidding imprisonment for debt. It has already been held by this court that such constitutional provision applies only to liabilities arising upon contract. (*In re Wheeler*, ante, p. 96.) See also the authorities cited in that case, to wit, *McCool v. The State*, 23 Ind. 127, 130, 131; *The People v. Cotton*, 14 Ill. 414; *Moore v. Green*, 73 N. C. 394; *Dixon v. The State*, 2 Tex. 481; *Musser v. Stewart*, 21 Ohio St. 353; *Lower v. Wallick*, 25 Ind. 68; *Ex parte Cottrell*, 13 Neb. 193; same case, 13 N. W. Rep. 174. Section 2 of the act to regulate the granting of pardons, (Comp. Laws of 1879, ch. 73, § 2,) has no application to imprisonment to enforce the collection of costs. It has application only to imprisonment imposed as a punishment. But even as to imprisonment imposed as a punishment, the section must be reasonably construed. If a convict should be sentenced to imprisonment for two different offenses, and should be pardoned as to one of them and not as to the other, such pardon would not release him from the imprisonment for the other offense. He would still be liable to be imprisoned for the other. We have also been referred to the case of *In re Ebenhack*, 17 Kas. 618. We think the decision in that case is correct, and that it is not opposed to anything enunciated in this case.

IV. The petitioner also claims that the imprisonment in the present case is illegal for the reason that no new transcript was procured by the sheriff under which the second arrest and

imprisonment were had. Now we cannot think that any such thing was necessary. The petitioner, as before stated, was fined and adjudged to pay the costs of the prosecution; and the court also and at the same time rendered judgment in accordance with § 251 of the criminal code, that the petitioner should be committed to the county jail until such fine and costs were paid; and so far as the costs are concerned, the judgment has never been complied with or satisfied in any respect whatever, but is yet valid and binding, and the costs still remain due and unpaid. Hence the petitioner should still be imprisoned until he complies with that portion of the judgment which requires him to pay the costs, unless the board of county commissioners should hereafter, under § 253 of the criminal code, discharge him from such imprisonment. Also, under the statutes of Kansas, all that is necessary to authorize or require the sheriff to hold in his custody and to imprison a person sentenced in a criminal action to imprisonment in the county jail, is that the sheriff should, under § 255 of the criminal code, receive from the clerk of the court a certified transcript of the judgment of the court, including the conviction and sentence; and under the authority of such transcript the sheriff may hold the convicted party in custody and imprison him until the judgment of the court is fully satisfied, or until an order of the county board is made discharging him from imprisonment. A certified transcript in such a case is unlike a summons, or a subpena, or a warrant, or some other writ whose force is spent within a particular and specified period of time, and which must at or after such time be returned to the court. The force of such certified transcript is never spent until the force of the judgment itself, of which it is a transcript, is also spent, or until the judgment is, in some manner, suspended or satisfied.

The petitioner will be remanded to the custody of the sheriff.

All the Justices concurring.