*In re* Gilson, *Petitioner.*

---

*In the Matter of the Petition of* D. D. GILSON *for a Writ of Habeas Corpus.*

1. PROHIBITORY LAW; *Assistant to Attorney General.* Under the provisions of § 11, ch. 149, Laws of 1885, commonly known as the prohibitory liquor law, whenever the county attorney of any county shall be unable, or shall neglect or refuse, to enforce the provisions of that act in his county, the attorney general of the state may appoint as many assistants as he shall see fit to enforce the law; and his assistants may sign, verify and file all such complaints, informations, petitions and papers as the county attorney is authorized to sign, verify, or file.

2. ——— *Reasons for Appointment; No Inquiry, When.* Where the assistant of the attorney general verifies and files an information in the district court, under the provisions of § 11, ch. 149, Laws of 1885, charging the defendant with a violation of the prohibitory liquor law, and a trial is had before the court and the defendant found guilty and sentenced to pay a fine, and also to be imprisoned, and he is so imprisoned, *held*, on a petition for a writ of *habeas corpus*, that it cannot be inquired into or determined whether the attorney general acted upon sufficient reasons in making the appointment of the assistant.

41—34 KAS.

34 | 641
51 | 792

34 | 641
54 | 226

34 | 641
f61 | 744

34 | 641
82 | 505

. *Original Proceedings in Habeas Corpus.*

PETITION for a writ of *habeas corpus,* filed in this court December 21, 1885, by *D. D. Gilson* against *Conway Marshall,* as sheriff of Anderson county. The opinion, filed February 5, 1886, states the material facts.

*M. Shoonover,* and *J. G. Lindsay,* for petitioner.
·*S. B. Bradford,* attorney general, for The State.

The opinion of the court was delivered by

HORTON, C. J.: This is a petition for a writ of *habeas corpus,* to inquire into the cause of the restraint of the petitioner, D. D. Gilson, by the sheriff of Anderson county, and to obtain his discharge. It appears from the record that on November 16, 1885, an information was filed in the district court of Anderson county, charging the petitioner with an unlawful sale of intoxicating liquors, under the provisions of § 4, ch. 149, Laws of 1885, commonly known as the prohibitory liquor law. Under the information, the petitioner was tried and convicted upon three counts. He was sentenced to pay a fine of $300, together with all the costs of prosecution, and he was also sentenced to the jail of Anderson county for ninety days. The cause of his restraint is the order of commitment issued under the conviction. The complaint was prepared and filed in the district court by H. L. Poplin, as assistant attorney general, under the authority granted in § 11 of said chapter 149. It is now claimed that said section is unconstitutional and void, so far as it attempts to confer upon the attorney general any authority to appoint assistants. In our opinion, this is not the case. The provisions of said § 11, so far as important to be considered at this time, are as follows:

"Whenever the county attorney shall be unable, or shall neglect or refuse, to enforce the provisions of this act in his county, or for any reason whatever the provisions of this act shall not be enforced in any county, it shall be the duty of

the attorney general to enforce the same in such county; and for that purpose he may appoint as many assistants as he shall see fit, and he and his assistants shall be authorized to sign, verify and file all such complaints, informations, petitions and papers as the county attorney is authorized to sign, verify, or file, and to do and perform any act that the county attorney might lawfully do or perform; and for such services he shall receive the same fees that the county attorney would be entitled to for like services, to be taxed and collected in the same manner."

The office of county attorney is not created by any constitutional provision, and therefore the duties of that office can only be such as are prescribed by the legislature. These duties may be increased or decreased, as the legislature in its wisdom may determine. The legislature may wholly abolish the office. It may create the office of district attorney, with authority in such officer to prosecute and defend all actions and proceedings, civil or criminal, in his district, in which the state is interested, or a party. It may devolve the duties of county attorneys upon the attorney general. The office of attorney general is provided for in § 1, article 1 of the state constitution, but his duties are not so defined or limited by the constitution as to forbid the legislature from conferring upon him and his assistants the power set forth in said § 11. Under the provisions of the statute of 1879 the attorney general is required to consult with and advise county attorneys, when requested by them, in all matters pertaining to their official duties. (Ch. 166, § 73.) Under the provisions of the statute of 1885, when a county attorney is unable, or neglects or refuses, to enforce the provisions of the prohibitory liquor law, it is the duty of the attorney general to enforce the same; and for that purpose he may appoint as many assistants as he shall see fit; and he and his assistants are authorized to sign, verify and file all such complaints, informations, petitions and papers as the county attorney is authorized to sign, verify, or file.

1. Attorney general may appoint assistant to enforce prohibitory liquor law.

It is alleged that the verification to the information is wholly insufficient. Even if this question could be raised in this pro-

ceeding, the objection, within the authority of *The State v. Babbitt*, 32 Kas. 253, is without any force whatever. The verification is as follows:

"THE STATE OF KANSAS, ANDERSON COUNTY, ss.—H. L. Poplin, being duly sworn, says that he has read the above and foregoing complaint, and knows the contents thereof; that the same are true, and that said H. L. Poplin is duly authorized to inform and prosecute for all violations of the prohibitory law in said Anderson county, Kansas, in behalf of the State of Kansas.    H. L. POPLIN.

Subscribed and sworn to before me, this 16th day of November, 1885.

[Seal.]    EDGAR SPANGLE, *Clerk District Court.*"

(See also *In re Lewis*, 31 Kas. 71.)

Counsel for the petitioner allege that the attorney general made the appointment of an assistant in Anderson county without good reasons therefor, and in violation of the provisions of said § 11. We cannot inquire into this matter, in this proceeding. The statute authorizes the appointment of assistant attorneys general; H. L. Poplin was acting in that capacity; the court recognized him as an assistant attorney general; his acts are valid, at least as an officer *de facto*. If the legality of his appointment is to be inquired into, other proceedings must be instituted. The title to his office cannot be determined in this case.

2. Reasons for appointment — no inquiry.

It is further alleged that the court below erred in rendering judgment for all costs. On several of the counts of the information the petitioner was acquitted. Within *The State v. Brooks*, 33 Kas. 708, he should not be required to pay costs excepting on the counts upon which he was convicted; but as yet he has paid no costs, and has not served out the time for which he was legally sentenced. Doubtless, upon a motion to retax the costs, the court will correct the judgment; but as the case is now before us, the erroneous taxation of costs is no ground for the discharge of the prisoner. He must therefore be remanded.

All the Justices concurring.