## THE STATE OF KANSAS v. WILLIAM HICKMAN.

1. INTOXICATING LIQUOR—*Illegal Sale—Evidence—Verdict.* The record examined, and the evidence *held* sufficient to sustain the verdict of the jury, that the defendant made an unlawful sale of intoxicating liquor, as charged in the first count of the information filed against him.

2. COSTS—*Case, Followed.* The case of *In re Gilson*, 34 Kas. 641, followed.

*Appeal from Dickinson District Court.*

THE opinion herein, filed November 10, 1894, contains a sufficient statement of the case.

*Stambaugh & Hurd,* for appellant.

*John T. Little,* attorney general, and *Samuel S. Smith,* county attorney, for The State.

15—54 KAS.

The opinion of the court was delivered by

HORTON, C. J.: The defendant, William Hickman, was charged, in an information filed in the district court of Dickinson county, in three separate counts, with selling intoxicating liquor in violation of law. The state, at the close of its testimony, admitted that there was no evidence introduced against the defendant to support the third count of the information. The jury found the defendant guilty under the first and second counts, but on a motion for a new trial, the verdict of guilty on the second count was vacated and set aside. Thereupon the defendant was sentenced to pay a fine of $100, and be imprisoned in the jail of Dickinson county for the period of 30 days. It was further ordered that he pay the costs of the action, taxed at $———, and be committed to jail until the fine and costs were paid.

I. It is insisted that the verdict of guilty, under the first count of the information, is not sustained by the evidence, and ought to have been set aside, on the motion for a new trial. It is sufficient to say that an examination of the record shows that the defendant sold two or three drinks of whisky, under the name of "hop tea," to John F. Sherman, at 25 cents a drink, within the time charged in the first count of the information.

II. It is next insisted that the trial court erred in assessing all of the costs of the prosecution against the defendant. In the record, the amount of the costs is not taxed. We cannot, therefore, say what amount the defendant is required to pay. Within *The State v. Brooks*, 33 Kas. 708, he should not be required to pay costs, except upon the count on which he was convicted. It does not appear from the record that the attention of the trial court has been called by motion, or otherwise, to the amount of costs taxed in the case. Doubtless, upon a proper motion, the court will direct the costs to be taxed only on the count on which the defendant was convicted. (*In re Gilson*, 34 Kas. 641.) The judgment will be affirmed.

All the Justices concurring.