E. D. MIKESELL, *Appellee*, v. THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF WILSON, *Appellant*.

No. 16,537.

### SYLLABUS BY THE COURT.

1. PAROLE LAW—*Constitutionality.* The "parole law" (Laws 1907, ch. 178; Gen. Stat. 1909, ch. 28, art. 5), as applied to this case, is not retroactive, nor is it in violation of article 1 of the fourteenth amendment to the constitution of the United States, but is valid.

2. DISTRICT COURT—*Parole of Prisoner Held for Nonpayment of Costs.* Where a person convicted of violations of the prohibitory liquor law is sentenced to a term of imprisonment in the county jail and also a fine is imposed as the penalty, and is adjudged to pay the costs and to stand committed till the fine and costs are paid, and where after the commitment to jail the governor of the state issues to the prisoner a full pardon, so far as he has the power, but the prisoner is held in jail for nonpayment of costs, the district court may parole the prisoner and six months thereafter may finally discharge such prisoner.

3. COUNTIES—*Liability for Costs—Prisoner Paroled by District Court.* If the prisoner be found insolvent and unable to pay or give security for the costs they must be paid by the county, and the county shall become liable therefor at the expiration of one month from such release if such costs are not paid by the defendant. (Laws 1907, ch. 178, § 10; Laws 1887, ch. 165, § 5; Gen. Stat. 1909, §§ 2468, 4378.)

Appeal from Wilson district court; JAMES W. FIN-
LEY, judge. Opinion filed May 7, 1910. Affirmed.

*Frank Woodard,* county attorney, and *W. H. Ed-
mundson,* deputy county attorney, for the appellant.

*E. D. Mikesell,* for the appellee.

The opinion of the court was delivered by

SMITH, J.: Mikesell filed his petition in the district
court of Wilson county, in which he alleged the formal
facts requisite and, in substance, further alleged that
in August, 1905, at which time he was the legally ap-
pointed, duly qualified and acting assistant attorney-
general in and for Wilson county, and was empowered
to inform of and prosecute violations against the pro-
hibitory liquor law, he filed in the district court thereof
an information charging one George Ellis with having
committed fifty-two separate and distinct violations
of such law; that thereafter Ellis was regularly tried
in that court by a jury, and was found guilty upon each
count of the information; that thereupon the court
adjudged that Ellis be confined in the county jail for
1566 days and pay fines aggregating $5200, that he
pay the costs of the action, and stand committed to the
county jail until the fines and costs were paid; that
Ellis was committed to jail pursuant to the judgment;
that in June, 1906, the governor of the state pardoned
Ellis from the jail sentence and fines, but that Ellis
remained in jail on account of the nonpayment of costs
assessed against him in the action; that in September,
1907, he was released by the judge of the district court
on parole, without being required to pay the costs or
give bond for the payment thereof, for the reason that
he was insolvent and unable to pay the costs or furnish
security for the payment thereof; that in September,
1908, the court granted to Ellis an absolute discharge
from custody, without being required to pay the costs
or give bond to secure the payment thereof; that as a

part of the costs in the action there was taxed the sum of $25 on each count on which Ellis was convicted, amounting in all to $1300, as a fee to the plaintiff as assistant attorney-general for the prosecution of the action; that more than one month had elapsed since Ellis was granted an absolute discharge from custody, and that the fee of $1300 had not been paid by Ellis, nor by the board of county commissioners of Wilson county, nor by any other person, but remained due and unpaid. Judgment was prayed for in the sum of $1300, with interest at six per cent from October 1, 1908, and for costs. The petition was verified.

Thereupon the county attorney filed a motion to require the plaintiff to make his petition more specific, definite and certain, in this: (1) To show by what tribunal, court or person the plaintiff was appointed assistant attorney-general as alleged; (2) to show authority to represent the state, and if such authority was general or special; (3) to show a copy of such appointment, give the office, book and page where a record of the appointment could be found; (4) to show a copy of the pardon mentioned in the petition. This motion was by the court denied, and upon the application of the county attorney additional time was given to plead to the petition.

Thereafter the county attorney filed a demurrer to the petition on several grounds, only one of which is argued, namely, that the petition does not state facts sufficient to constitute a cause of action in favor of the plaintiff and against the defendant, for the following reasons: (1) That Ellis was not released from jail in the manner provided in section 4378 of the General Statutes of 1909 (Laws 1887, ch. 165, § 5), and section 253 of the criminal code; (2) that chapter 178 of the Laws of 1907 (Gen. Stat. 1909, ch. 28, art. 5) is unconstitutional and in violation of section 7 of article 1 of the state constitution, which vests the pardoning power in the governor; also in violation of section 10 of article

1 of the constitution of the United States, which provides that no state shall pass any law impairing the obligation of contracts; also in violation of section 1 of the fourteenth amendment to the constitution of the United States. This demurrer was overruled, and, the defendant declining to plead further, judgment was rendered in favor of the plaintiff for the amount claimed.

As to the motion to make the petition more definite and certain, it required only that the plaintiff plead his evidence and set forth a copy of his written appointment, if any he had. It need hardly be said that the ruling of the court was proper as to each ground. The plaintiff alleged what he claimed to be the facts, in plain and concise language and without repetition, and his cause of action was not based upon his appointment to office. His appointment was merely incidental. Hence it was not requisite to set forth a copy thereof in his petition. His appointment was sufficiently alleged under section 110 of the code of 1909, and was duly verified and could not be controverted in this action, if at all, except by a verified denial. Indeed, it seems that the validity of the appointment could not have been brought in issue by any pleading or motion whatever in this action. In a very analogous case, *In re Gilson, Petitioner,* 34 Kan. 641, referring to the appointment of an assistant attorney-general, it was said:

"If the legality of his appointment is to be inquired into, other proceedings must be instituted. The title to his office can not be determined in this case." (Page 644.)

(See, also, *The State v. Bowles,* 70 Kan. 821; *The State v. Williams,* 61 Kan. 739, 741.)

The statute expressly authorizes the appointment of an assistant attorney-general for the prosecution of cases in violation of the prohibitory liquor law. The plaintiff assumed to act as such assistant attorney-general in the prosecution of this case. The court rec–

ognized him as such officer, and for the purposes of this case this is sufficient.

We pass to the consideration of the demurrer. It is insisted that the parole law (Laws 1907, ch. 178; Gen. Stat. 1909, ch. 28, art. 5) has no application to this case, for the reason that by the title of the act and its provisions it applied only to "persons convicted of a violation of the criminal laws of this state," and it is thereby evident that it was intended to apply only to persons sentenced to fine and imprisonment; that at the time the district court undertook to parole Ellis he had been pardoned by the governor of the state, and that such pardon had relieved him of the jail sentence imposed upon him by the court.

It may be conceded that the pardon of the governor had relieved Ellis of the fine and jail sentence imposed upon him by the judgment, but such pardon did not and could not discharge him from jail for the nonpayment of costs. (*In re Boyd, Petitioner*, 34 Kan. 570.) He was still lawfully confined in jail, and he was confined by reason of being convicted of a violation of the criminal laws of the state, not confined as a punishment, but merely as "a means of enforcing the legal obligation resting upon the defendant to pay the costs which he by his original wrongful act and his subsequent acts has caused to be made, and which have accrued in the prosecution subsequent to the act for which he is punished, and have accrued, not to the public merely, but to individuals, and are given to such individuals as *compensation for their services* performed in the prosecution." (*In re Boyd, Petitioner,* supra, syllabus.) The judgment for costs against him and the order that he be confined in the county jail until such costs should be paid are necessary incidents of his conviction. It is a statutory requirement that such judgment and order be made upon the conviction of a person for a violation of the laws of the state.

Prior to the enactment of the parole law the county commissioners only had power to discharge the convicted person confined in jail for the nonpayment of costs, but the terms of the parole law, as well as the title, clearly confer this authority upon the district and common pleas courts of the state.

In the appellant's brief much stress is laid upon the expression used in the syllabus in *In re Ellis,* 76 Kan. 368, that "the board of county commissioners alone has authority to order the release of a prisoner committed to the county jail for a failure to pay a fine and costs." This decision, it is true, was rendered two or three months after the parole law took effect. But no question was pending in that case under the parole law, and the attention of the court was not therein called to the fact that the parole law had been adopted. The expression was purely *obiter dictum* in that case, and is not to be regarded in any sense as a construction of the parole law. The application of the parole law being now directly involved, it is held applicable to this case—that is, this law authorizes the courts designated therein to parole persons convicted of a violation of the criminal laws of the state, sentenced to pay a fine and to a term of imprisonment in the county jail and adjudged to pay the costs and to be confined in the jail until the fine and costs are paid, even after a full pardon has been granted by the governor, so far as it is within his power to pardon the convicted person, and the convicted person is held in jail for the nonpayment of costs only.

Ellis was convicted and sentenced before the enactment of the parole law, and it is contended that that law, so far as it attempts to affect the liability of Wilson county for costs growing out of the prosecution of Ellis, violates article 1 of the fourteenth amendment to the constitution of the United States, is retrospective, null and void; that it attempts to create and impose

on Wilson county a liability that did not exist at the time of the arrest and conviction of Ellis. The parole law, so far as it affects this case, is simply remedial. At the time of the conviction of Ellis, Wilson county was morally bound at least to pay the costs of his prosecution, if they could not be recovered from him. This moral obligation by the then existing law would become a legal obligation whenever the commissioners of the county saw fit to discharge him, if, as is presumable, he should remain unable to discharge the obligation himself. If he should not become able to pay the costs, it is not to be presumed that the county commissioners of the county would keep him in the jail for his whole lifetime because he did not do what he was unable to do. Upon the enactment of the parole law, and the discharge of Ellis by the district court thereunder, the moral obligation of the county became a legal obligation. The law is not invalid for the reason that it is retrospective or in violation of the constitution of the state or of the United States. (*Comm'rs of Sedgwick Co. v. Bunker*, 16 Kan. 498; *Board of Education v. The State*, 64 Kan. 6.)

Authority has existed in the boards of county commissioners to discharge from jail persons confined therein for nonpayment of fines and costs ever since 1862. The parole law also authorized certain courts to make such discharge after six months' parole. Such discharge is in no sense a pardon of the crime, nor does it discharge the obligation of the prisoner to pay the costs, but on the contrary expressly provides for the collection of the costs by execution.

It is contended that this action can not be sustained for the reason that the act fixes no time when the claim for costs shall accrue. When the person discharged is found unable to pay or secure the payment of costs, the provision is that "the costs shall be paid by the state or county as in other cases." (Laws 1907, ch. 178, § 10; Gen. Stat. 1909, § 2468.) Plainly this

means other cases provided by law, namely, the provisions compiled in section 4378 of the General Statutes of 1909 (Laws 1887, ch. 165, § 5) and section 253 of the criminal code.

The petition states a cause of action, and upon the overruling of the demurrer thereto, and the refusal of the defendant to plead, judgment against the defendant followed as a matter of course, without evidence. We find no error in the proceedings, and the judgment is affirmed.