## BOB TERRELL v. STATE.

No. A-2244.   Opinion Filed May 25, 1915.

1.   APPEAL—Pardon—Dismissal. When an appeal from a judgment of conviction is pending in this court, and the plaintiff in error applies for a pardon, and the same is granted, and the fact that a pardon has been granted is brought to the attention of this court, the appeal will be dismissed as having been abandoned.

2.   PARDON—Executive Power—Costs—Liability After Pardon. Under our Constitution, art. 6, sec. 10 (159 Williams'), the Governor is empowered to grant, ''after conviction, reprieves, commutations, paroles, and pardons for all offenses, except cases of impeachment,'' but his pardoning power can go no further than the public may be interested, and a pardon granted by the Governor will not release the convict from the liability to pay the costs, because the right to such costs are vested rights which can not be disturbed or abridged or lessened by any pardon which the Governor may grant.

(Syllabus by the Court.)

*Appeal from District Court, Carter County;*
*S. H. · Russell, Judge.*

Bob Terrell, convicted of a violation of the prohibitory law, appeals. Appeal dismissed.

*Moman Pruiett* and *William Pfeiffer,* for plaintiff in error.

*S. P. Freeling,* Atty. Gen., and *R. McMillan,* Asst. Atty. Gen., for the State.

DOYLE, P. J. On information filed in the district court of Carter county charging that Bob Terrell did unlawfully and feloniously keep and maintain a place at and in which intoxicating liquors were received and kept for the purpose of sale, ·the plaintiff in error was convicted and his punishment fixed at imprisonment in the penitentiary for the term of one year and one day, and that he pay a fine of three hundred dollars. From the judgment rendered on the verdict, he appealed by filing in this court on April 21, 1914, a petition in error with case-made. Pending the determination of said appeal a pardon was granted, which was in the following words:

"OFFICE OF THE GOVERNOR.

"Whereas, on the 31st day of October, 1913, Bob Terrell was sentenced in the district court at Ardmore, Oklahoma, for the crime of keeping a place for the sale of liquor.

"And whereas, the said Bob Terrell has made application for a pardon from said judgment and sentence to me, J. J. McAlester, as Governor of the state of Oklahoma.

"And it appearing from said petition and application that it is supported by numerous recommendations from the good citizens of Ardmore, Oklahoma, and that the Board of Prison Control has recommended said pardon.

"Now, I, J. J. McAlester, as Governor of the state of Oklahoma, do hereby grant unto the said Bob Terrell, a full pardon from said judgment and offense wherein he was sentenced to serve a term of one year and one day, and a fine of $300 for keeping a place for the sale of liquor, on the 31st day of October, 1913, and extend to him full citizenship and right of suffrage. I further direct and order the Secretary of State of Oklahoma to affix the seal of the state of Oklahoma and attest the same.

"Given under my hand and seal of the state of Oklahoma, this the 3d day of September, 1914.

"(Signed) J. J. McALESTER,

"*Acting Governor of the State of Oklahoma.*

"Signed 10 a. m., September 30, 1914.

Attest:

"J. L. LYON, *Secretary of State.*
"(Seal.)"

We are of the opinion that the pardon in the present case is a valid, complete, and unconditional pardon. When an appeal from a judgment of conviction is pending in this court, and the plaintiff in error applies for a pardon, and the same is granted, and the fact that a pardon has been granted is brought to the attention of this court the appeal will be dismissed as having been abandoned. *Stewart v. State, ante,* 146 Pac. 921.

Another question presented is, Was the plaintiff in error, by virtue of the pardon, released from his liability to pay the costs of the prosecution adjudged against him? We think not.

Under our Constitution, art. 6, sec. 10 (159 Williams'), the Governor is empowered to grant, "after conviction, reprieves, commutations, paroles, and pardons for all offenses, except cases of impeachment"; however, a pardon granted by the Governor will not release the convict from his liability to pay the costs, because the right to such costs are vested rights which cannot be disturbed or abridged or lessened by any pardon which the Governor may grant.

"A pardon affects only the public interest in the conviction. Private obligations cannot be discharged by it." (*Ex parte Mann,* 39 Tex. Cr. R. 491, 46 S. W. 828, 73 Am. St. Rep. 961, and cases cited: *In re Nevitt,* 117 Fed. 448; *Estep v. Lacy,* 35 Iowa, 419, 14 Am. Rep. 498; *In re Boyd,* 34 Kan. 573, 9 Pac. 240.)

For the reasons stated the appeal herein is dismissed.

FURMAN and ARMSTRONG, JJ., concur.