No. 21,512

THE STATE OF KANSAS, ex rel. S. M. BREWSTER, as Attorney-General, etc., *Plaintiff*, v. F. A. STEWART et al., as THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF CHASE, *Defendants*.

SYLLABUS BY THE COURT.

COUNTY PRISONERS—*Employment on Public Works—Statute Constitutional*. Chapter 168 of the laws of 1917, directing county commissioners to compel prisoners to work on streets, highways, poor farms, or public works, under certain circumstances, does not violate either section 6 of article 6 or section 1 of article 11 of the constitution of this state.

Original proceeding in mandamus. Opinion filed October 6, 1917. Writ denied.

*S. M. Brewster*, attorney-general, *S. N. Hawkes*, and *J. L. Hunt*, assistants attorney-general, for the plaintiff.

*Charles E. Davis*, county attorney, for the defendants; *R. M. Hamer*, and *H. E. Ganse*, both of Emporia, of counsel.

The opinion of the court was delivered by

JOHNSTON, C. J.: This is an original proceeding in mandamus by which the plaintiff seeks to have chapter 168 of the Laws of 1917 declared to be in violation of section 6 of article 6 and of section 1 of article 11 of the state constitution (Gen. Stat. 1915, §§ 208, 228). The state brings the action to compel the defendants to pay into the school fund of Chase county the sum of $21.

J. H. Born was convicted of violating the prohibitory law and was sentenced to the county jail of Chase county for a period of thirty days, and to pay a fine of $100 and the costs of the action. Born served the thirty days in jail, but he failed to pay the $100 fine or the costs. The county commissioners compelled Born to labor twenty-one days on public work and gave him credit for $21 on the fine. Afterward the costs and the remainder of the fine were paid.

Section 1 of chapter 168 of the Laws of 1917 reads:

"That whenever any male person, convicted of a misdemeaner, shall be adjudged to pay the costs of the proceedings by which he was convicted, or a fine or both costs and fine, and for failure to so do shall be committed to the county jail, the board of county commissioners of the county in which such prisoner is confined shall compel such prisoner to work on any street, highway, poor farm, or public works under its direction and control. For each day's work so performed by him, such prisoner shall receive a credit of one dollar upon the amount of costs, or fine, or fine and costs, and when his credits thus obtained shall be equal to the amount of such costs, or fine, or fine and costs, he shall be released and set at liberty and such judgment of conviction shall be receipted in full by the board of county commissioners."

The plaintiff contends that this law violates section 6 of article 6 of the state constitution for the reason that the law does not provide for the payment of the credited amount into the school funds. Section 6 of article 6 of the constitution of this state reads:

"All money which shall be paid by persons as an equivalent for exemption from military duty; the clear proceeds of estrays, ownership of which shall vest in the taker-up; and the proceeds of fines for any breach of the penal laws, shall be exclusively applied in the several counties in which the money is paid or fines collected, to the support of common schools." (Gen. Stat. 1915, § 208.)

The purpose of the last clause of this constitutional provision is to secure to the school fund all money derived from the payment of fines. This accords with an analysis of the expression "proceeds of fines." The word "proceeds" is broad enough to include both money and property, but, under the laws of this state, fines are not assessed in terms of property, and are not paid in property. They are assessed in terms of dollars, and are paid in dollars. They may be collected on execution levied on property, but when collected, the fines are paid in money. In *A. T. & S. F. Rld. Co. v. The State*, 22 Kan. 1, this court said: "'The proceeds of fines' mean, of course, the moneys collected from fines, the amounts realized from fines, and just such amounts, no more and no less." (p. 14.) There were no proceeds arising from the twenty-one days' work. The county did not receive anything that it could turn over to the school fund. It received twenty-one days' labor on public work. That work can not be turned over to the school fund.

The statute under consideration is somewhat analogous to section 253 of the code of criminal procedure (Gen. Stat. 1915, § 8173). Under the last-named statute the board of county commissioners may discharge from imprisonment when certain proof is made that the person imprisoned is unable to pay the fine or costs. This power of the county commissioners has been considered by this court in several cases. (*In re Boyd, Petitioner*, 34 Kan. 570, 9 Pac. 240; *In re Ellis*, 76 Kan. 368, 91 Pac. 81; *Mikesell v. Wilson County*, 82 Kan. 502, 108 Pac. 829.)

The plaintiff contends that chapter 168 of the Laws of 1917 violates section 1 of article 11 of the constitution. This section provides for an equal rate of assessment and taxation. The statute in question provides that the work shall be performed on any street, highway, poor farm, or public works under the direction and control of the county commissioners, and provides that the board shall furnish the necessary guards and shall pay all expenses incidental to the labor performed. These expenses are paid out of county funds raised by general taxation levied on all the property in the county, including that in incorporated cities. The plaintiff argues that as streets in cities are not under the direction or control of the county commissioners and that as the greater part of the work per-

The State, ex rel., v. Chase County.

formed by prisoners will be upon highways, property in cities is taxed to pay expenses incurred for labor which can not be performed within the cities. The plaintiff cites *Railway Co. v. Clark*, 60 Kan. 826, 58 Pac. 477, in support of its contention. Under the statute considered in that case, the railroads were excluded from receiving the benefit of a tax which they paid in common with other taxpayers. Under chapter 168 of the Laws of 1917 the inhabitants of cities receive the benefit of labor performed by prisoners on streets, highways, poor farms, or public works, in the same manner and to the same extent as inhabitants of the county outside the city receive the benefit of such labor. The present action is analogous to *City of Emporia v. Griffith*, 86 Kan. 976, 122 Pac. 1053, where this court declared that the city of Emporia was not entitled to receive from the county treasury any part of the county road tax levied under section 33 of chapter 248 of the Laws of 1911 (Gen. Stat. 1915, § 8787.) Under this statute county taxes are levied on all the property in the county, including that in cities, for county road funds, and are used for the construction of roads outside the cities. If taxes levied under this statute are valid, the taxes levied to pay the expenses incidental to working prisoners on county roads or other county property are likewise valid.

The conclusion is inevitable that chapter 168 of the Laws of 1917 does not violate either section 6 of article 6 or section 1 of article 11 of the constitution of this state.

The writ of madamus is denied.