JAMES HOLLIDAY, plaintiff in error, *v.* THE PEOPLE OF THE STATE OF ILLINOIS, defendants in error.

*Error to St. Clair.*

A person was convicted of a criminal offence, and sentenced to imprisonment for a specified time, and to pay a fine of one hundred dollars. Subsequently, he was pardoned for the "crime of which he stands convicted." After this, an execution was issued against him for the amount of the fine and the costs of the prosecution, and also a fee bill for the costs made by him: *Held*, that he was discharged from the fine, but not from the costs.

Where general words are used in a grant, their natural meaning is not to be restrained by other words, unless the intention to do so is clear and manifest.

A county is a public corporation, subject completely to the control of the Legislature, and the acts of the Executive pursuant to the provisions of the Constitution. The Legislature may, after verdict, release a penalty in a popular action brought for the benefit of a county.

MOTION to quash an execution and fee bill, made in the St. Clair Circuit Court, the Hon. Gustavus P. Koerner presiding. The motion was overruled, and the defendant sued out a writ of error.

The main facts of the case will be found in the Opinion of this Court.

*W. Martin,* for the plaintiff in error, cited *Perkins* v. *Stevens*, 24 Pick. 278; 3 Peters' Dig. 137, § 1; ib. 471, § 3.

*P. B. Fouke,* for the defendant in error.

The plaintiff in error has neither paid the fee bill, or replevied it, as the statute requires. Rev. Stat. 249, § 27.

The officers of the Court have a vested right in the fees. *Reddick* v. *Cloud's Adm'rs,* 2 Gilm. 671.

The Court were referred to the following authorities, as applicable to this case: Const. of Ills., Art. III. § 5; 1 Black. Com. 269; 4 do. 402; *United States* v. *Lancaster,* 4 Wash. C. C. R. 64; *Same* v. *Wilson,* 7 Peters, 150.

The Opinion of the Court was delivered by

TREAT, C. J.   Holliday was convicted of a criminal offence, and sentenced to be imprisoned thirty days in the penitentiary, and to pay a fine of one hundred dollars. The judgment was affirmed on a writ of error. 4 Gilm. 111.   He was pardoned by the Executive on the 28th of March, 1848. The instrument of pardon was directed to the Warden of the penitentiary, and after reciting the conviction proceeded thus; "Now know ye, that I, Augustus C. French, Governor of the State aforesaid, by virtue of the authority in me vested by the Constitution of this State, do by these presents pardon the said James Holliday of said crime of which he stands convicted; and the said James Holliday is hereby acquitted and discharged of, and from all further imprisonment on account of said conviction." Subsequently, an execution for the amount of the fine and the costs of the prosecution, and a fee bill for the costs made by Holliday, were issued against him.   He moved the Circuit Court to quash the execution and the fee bill, on the ground that he was released from the payment of the fine and costs by the pardon.   The Court denied the motion, and he sued out a writ of error from this Court.

The pardon was granted under the old Constitution. Under its provisions, the power of the Executive to grant it was unquestionable.   He was vested with full power to pardon all offences after conviction but cases of impeachment. Having the power to pardon the whole offence, it followed that he might remit a part of the punishment.   The lesser

power of remission is necessarily included within the general authority to pardon. The fine is as much a part of the punishment as the imprisonment. It is contended by the counsel for the People, that the Executive only intended to remit the corporeal punishment, thus leaving the rest of the sentence in full force. The language of the pardon is broad and unqualified. The prisoner is pardoned of the "crime of which he stands convicted." Where general words are used in a grant, their natural meaning is not to be restrained by other words, unless the intention to do so is clear and manifest. If the object was only to exercise the lesser power of remission, the phraseology would have been special, releasing a part of the punishment, and not general, forgiving the whole offence. The last clause in the pardon was not intended to qualify what preceded it, but was probably designed as a direction to the keeper of the penitentiary, to whom the instrument was addressed, to discharge the prisoner from custody. We have no doubt the Governor contemplated a full exercise of his prerogative in this case.

It is insisted that the county in which the conviction took place had a vested right to the fine, which the Executive could not defeat. There is no force in this position. It might as well be insisted that the lessee of the penitentiary had a vested right to the services of the convict, which neither the Legislature nor the Governor could take away. A county is a public corporation subject completely to the control of the Legislature, and the acts of the Executive pursuant to the provisions of the Constitution. The Legislature may, after verdict, release a penalty in a popular action brought for the benefit of a county. *Coles* v. *The County of Madison*, Bre. 115. It has the power after judgment to relieve from a forfeiture where the money goes to a county. *Conner* v. *Bent*, 1 Missouri, 235.

The pardon however did not release the prisoner, either from the payment of the costs of the prosecution, or of the costs incurred by him. On the conviction, the right to the costs was vested in those entitled to receive them. If

the People paid costs in criminal cases, it might be that a general pardon would release the costs of prosecution. The People, in fact, receive no costs, the judgment is in effect in favor of those performing services in the case, for which fees are given as a compensation. The prisoner is liable to pay his own costs on the principle that the services were rendered at his instance. If the offence be pardoned after the costs are taxed, the costs are not avoided by the pardon. 5 Bac. Abr. 288. A pardon of the President after condemnation as to all the interests of the United States in a penalty incurred by a violation of the embargo laws, and directing all further proceedings in behalf of the Government to be discontinued, does not remit the interest of the Custom House officers in a moiety of the penalty. *United States* v. *Lancaster*, 4 Wash. C. C. R. 64. A pardon does not discharge the moiety of a fine, which goes to the informer. *Rowe* v. *State*, 2 Bay, 565. The power of the Governor to grant pardons does not extend to remitting the costs to which the prisoner may have been sentenced upon conviction. *Ex parte*, McDonald, 2 Wharton, 440.

The judgment of the Circuit Court will be reversed, and judgment entered in this Court that the execution be quashed. A second execution can issue for the collection of the costs of the prosecution, and the Sheriff may proceed with the execution of the fee bill.

*Judgment reversed.*