HARBIN v. THE STATE *et al.*

Criminal Law: FORFEITURE OF APPEARANCE BOND : JUDGMENT : REMISSION BY GOVERNOR : SURETIES. Under section 16, article 4, of the constitution, and section 4712 of the Code, the governor has power to remit a forfeiture upon an appearance bond, as well after judgment has been rendered thereon as before, and to remit the same in favor of the sureties on the bond as well as in favor of the principal.

*Appeal from Clarke District Court.*—HON. R. C. HENRY, Judge.

FILED, OCTOBER 2, 1889.

ACTION to enjoin the collection of, and to cancel, a certain judgment of record. There was a judgment for plaintiff, and the defendants appeal.

*W. M. Wilson,* for appellants.

*M. L. Temple* and *John Chaney,* for appellee.

GRANGER, J.—The facts of this case in brief are That one John I. Harbin was arrested on preliminary information, and pending a hearing before the magistrate he was admitted to bail, the plaintiff being a surety on the bond. There was a breach of the condition of the bond by a failure to appear, and such failure was by the justice duly entered of record. An action was instituted on the bond in the proper court, and a judgment entered against the plaintiff and another surety for seven hundred and ninety-five dollars, with eight per cent. interest thereon, and for costs. This judgment was entered in September, 1884, and in October, 1885, the governor issued the following conditional remission :

"The state of Iowa, to all to whom these presents shall come, greeting :

"Know ye that, by virtue of authority in me vested by law, I, Buren R. Sherman, governor of the state of Iowa, for good and sufficient reason to me appearing, do hereby, upon conditions hereinafter set forth, remit six hundred dollars of the amount of a judgment of seven hundred and ninety-five dollars, imposed upon John Harbin on the twenty-second day of September, 1884, by the circuit court of the county of Union, rendered on the forfeiture of appearance bond of John I. Harbin, provided the said John Harbin shall immediately pay the balance of said judgment, including

interest and all costs, and also the percentage of said judgment due the county attorney of Clarke county, Iowa, as attorney's fees. Upon compliance with such conditions the said John Harbin shall be released, discharged and forever set free from further liability on said judgment. In testimony whereof I have hereunto set my hand and caused to be affixed the great seal of the state of Iowa. [ Seal.]

" Done at Des Moines, this sixteenth day of October, in the year of our Lord one thousand eight hundred and eighty-five, of the independence of the United States the one hundredth and tenth, and of this state the thirty-ninth.

" By the Governor, BUREN R. SHERMAN.
" FRANK D. JACKSON, Secretary of State.
" D. W. SMITH, Deputy."

The conditions of the remission were on the part of the judgment debtors fully complied with. The judgment not being cancelled of record, an execution was taken in January, 1886. The prayer of the petition is for an order staying the collection of the judgment, and that it be cancelled of record. To the petition stating substantially these facts there is a demurrer, and the argument presents two questions which we notice in the order of presentation.

I.    Had the governor authority, after the bond was prosecuted to judgment, to remit any part thereof? The power of the governor to make such remission after the entry of the breach of the conditions of the bond by the justice, and before judgment, is not questioned in the case; the point in argument being that, after judgment, there is no forfeiture within the meaning of the law, but a judgment over which the governor has no control or right of remission. The question involves a construction of section 16, article 4, of the constitution, the essential part of which is that the governor " shall have the power to remit fines and forfeitures under such regulations as may be prescribed by law." The "regulations" prescribed under this provision are in section 4712 of the Code, in these words: " The governor shall have the

power to remit fines and forfeitures upon such condi-·
tions and with such restrictions and limitations as he
may think proper." The case is free from the necessity
of inquiry as to what steps are essential to complete a
forfeiture, as it is conceded in argument that there was
a complete forfeiture after the entry of record of the
failure to appear as required by the bond. See Code,
sec. 4596. The case deals with the question of the claim
being so changed that it is no longer a forfeiture within
the meaning of the law as to the authority of the gov-
ernor to remit. Much stress in argument is placed upon
the fact that the governor has no power to remit a
judgment, and that the remission in this case was of a
judgment. The language of the instrument making the
remission is, in substance, that it remits part of a judg-
ment. A logical consideration of the question leads us
to inquire, what is a judgment? It is a "final adjudica-
tion of the rights of the parties in an action." Code,
sec. 2849. Section 4596 explains or defines a forfeiture
in these words: "If the defendant fail to appear for ·
arraignment, trial or judgment, or at any other time
when his personal presence may be lawfully required,
or to surrender himself in execution of the judgment,
the court must direct an entry of such failure to be
made on the record, and the undertaking of his bail, or
the money deposited instead of bail, as the case may be,
is thereupon forfeited." Upon this record the processes
of the court are not available for the collection of the
forfeiture. Before collection can be enforced the obligors
to the undertaking must be in court in a proceeding on
the bond, and the fact of such forfeiture adjudicated or
determined against them. The proceeding or judgment
does not set aside the forfeiture, but confirms or estab-
lishes between the parties the fact of its existence, and
is, in effect, an order or direction of the court for its
payment; and, if not paid, the law affords a means of
enforcement. Whether paid before or after judgment,
it is the payment of a forfeiture. To forfeit is to lose.
A forfeiture is a loss. The fact that the courts upon due
inquiry adjudge the loss valid or binding under the

forms of law makes it no less a loss or a forfeiture. In the proceeding on the bond the plaintiff avers the undertaking and its forfeiture. The defendant denies. If judgment is for the plaintiff, it is a finding of the fact of the forfeiture and an order for payment. If the law should provide that the governor has power to remit all losses on undertakings of bail in criminal cases under such conditions as he might think proper, and the pro- ceedings for the establishment and enforcement of such losses were the same as those for the establishment and enforcement of forfeiture, it would hardly be contended that the fact that the loss was established by the judg- ment of a court, and which was of record for enforce- ment, would divest the governor of his authority to remit. The fact that the obligation for payment was otherwise evidenced would not change the controlling fact that it was a loss on an undertaking of bail. Our opinion in this respect is strengthened when we con- sider the purpose of the law. The principle is of so much importance as to have a foundation in constitu- tional enactment. It hardly needs argument or recita- tion of facts to show that reasons might exist for this beneficent act on the part of the governor, as well after judgment on a forfeiture as before. The law contem- plates facts and circumstances under which the payment should not be required, even where it could be legally enforced, and we think it the spirit of the law that this large discretion with which the governor is invested extends to the time of payment of the forfeiture, whether after judgment or before.

II. Under a concession by appellant, for the pur- pose of argument, that the governor has power to remit forfeitures after judgment, the query is submitted, if the right exists to remit as to others than the accused. Or, in other words, does it exist in favor of sureties on the bond? We think it does exist as to both principal and sureties. The inquiry is, is it a forfeiture? It is no less a forfeiture as to the sureties than as to the accused or principal in the bond. The law is that the governor has power to remit forfeitures. It does not distinguish

between persons who make the forfeitures. The argument deals somewhat with the equities of the rule, but, in view of the unmistakable provisions of the law in this respect, we deem it unnecessary to consider them. The judgment of the district court is

AFFIRMED.