THE STATE OF IOWA, Appellee, v. R. W. BEEBEE,
Appellant.

1. **Forfeitures**: REMISSION BY GOVERNOR: COSTS. The power given to
the governor by section 4712 of the Code to remit forfeitures does
not extend to the costs made in procuring judgment upon a forfeiture;
and although such costs are included in the certificate of remission,
it is to that extent void, and constitutes no impediment to the recovery
of such costs.

2. ———: JUDGMENTS ON: LIEN FOR ATTORNEY FEES AND COMMISSIONS. An attorney fee taxed against a defendant convicted of the offense of keeping a liquor nuisance is not an attorney fee in an action upon the forfeiture of the defendant's appearance bond, and can not be made a lien upon the judgment procured in such action; neither is the county attorney in such action entitled to a commission upon such judgment as for "fines collected," under section 11 of chapter 73 of Acts of the Twenty-first General Assembly, since a forfeiture is not a fine.

3. ———: SURETIES: LIABILITY FOR COSTS. The surety upon a forfeited appearance bond is liable for the costs made in procuring judgment thereon.

4. Governor: DUTY OF COURTS TO CONTROL. When an official act or declaration of the governor of the state, affecting the rights of citizens as between themselves, is without warrant of law, it is as much the duty of a district judge as of the judges of the supreme court of the state to declare it so, when it is properly involved in the adjudication of those rights.

*Appeal from Harrison District Court.*—HON. GEORGE W. WAKEFIELD, Judge.

FRIDAY, FEBRUARY 3, 1893.

FRANK SNOWDEN was indicted for keeping a liquor nuisance. He gave a bond in the sum of five hundred dollars for his appearance to answer the indictment, with the defendant, Beebee, as surety. Snowden made default, and the bond was duly forfeited, and suit ordered to be brought thereon, which suit resulted in a judgment against the defendant for five hundred dollars, and costs amounting to seventeen dollars and fifteen cents. The judgment was entered on the twenty-sixth day of August, 1891, and an execution issued, which was levied on certain real estate of the defendant. On the sixteenth day of September, 1891, the governor of the state issued the following:

"STATE OF IOWA.

"*To all who may see these presents, greeting:*

"Know ye that by virtue of authority in me vested by law, and for good and sufficient reason to me appear-

ing, I, Horace Boies, governor of the state of Iowa, in the name and by the authority of the people thereof, do hereby remit in full the forfeiture of an appearance bond made by R. W. Beebee, of Harrison county, Iowa, as surety, and Frank Snowden as principal, whereby said R. W. Beebee undertook that one Frank Snowden should appear in the district court of said county, and answer to the charge of maintaining a liquor nuisance therein. Also do remit in full a judgment of said court for five hundred dollars and costs, rendered against said R. W. Beebee, and entered on the twenty-sixth day of August, A. D. 1891, wherein the state of Iowa was plaintiff and the said R. W. Beebee, as surety, was defendant, which action was brought and judgment rendered on the appearance bond aforesaid.''

Upon the filing of this order from the governor the clerk of the district court ordered the sheriff to return the execution, which was done. Thereafter the county attorney filed a motion reciting the facts in substance as above, and, besides, that John A. Berry ''has commissions and attorney's fees in said judgment to the amount of seventy-two dollars and fifty-one cents, for which said John A. Berry has filed and claims an attorney's lien upon said judgment,'' etc., and asked that the sheriff ''be directed to sell a sufficient amount of said real estate so levied on to satisfy the amounts due Harrison county and the said county attorney.'' The district court sustained the motion, and entered an order directing the sheriff accordingly, from which order the defendant appealed.—*Modified and affirmed.*

*S. H. Cochran,* for appellant.

*John Y. Stone,* Attorney General, and *J. A. Berry,* County Attorney, for the State.

GRANGER, J.—I.  It will be seen that the question
for determination is as to the authority of the governor
1. FORFEITURES: of the state to remit costs and attorneys'
remission by
governor: fees.  The question in some of its aspects
costs.  is quite important, and is to be deter-
mined upon constitutional and legislative authority.
By section 16, article 4, of the constitution it is pro-
vided that the governor "shall have power to remit
fines and forfeitures under such regulations as may be
prescribed by the law."  It will be seen that the legis-
lature may regulate the action of the governor in this
respect.  By section 4712 of the Code it is provided:
"The governor shall have power to remit fines and
forfeitures, upon such conditions, and with such
restrictions and limitations, as he may think proper."
As to the authority of the governor to remit costs, we
think it is quite definitely settled upon general
authority as well as in this state.  As indicating the
application of authorities to be cited, it may be well to
state the rule that the power to remit fines and forfeit-
ures inheres in the general authority to grant pardons.
In some of the states there is no special provision as to
remission of fines and forfeitures on account of this
rule.  In. *Holliday v. People*, 10 Ill. 214, it is said:
"The lesser power of remission is necessarily included
in the general authority to pardon."  The intended
natural and legitimate effect of a pardon is to avoid the
penalty, whether it be a fine or imprisonment.  In
*Estep v. Lacy*, 35 Iowa, 419, it is distinctly held that a
pardon "full and complete" from the governor does not
operate to remit the costs. It is there said: "Although
the costs follow the conviction as a necessary incident,
yet they constitute a fund distinct from the fine, and
are eventually due the witnesses and the various officers
of the law."

Is there any reason why the same rule should not be applied to costs in case of forfeiture? The costs in a judgment upon a forfeiture are as much a distinct fund due witnesses and officers as in a case where a judgment imposes a fine. The ground upon which it is held that in cases of fines the remission does not reach the costs is that others, and not the public, own the costs; that the governor, in his acts of remission, represents the public, and can only remit that which under the law goes to the public. In *State v. Farley*, 8 Blackf. 229, it is said: "The costs which the defendants in error were adjudged to pay belonged to individuals. They are matters of private right. Our opinion, therefore, is that the pardon granted to the defendants in error had not the effect of discharging the costs, and that the express remission of the costs contained in the letter of pardon was an unauthorized act." In *Ex parte McDonald*, 2 Whart. 440, it is said: "The costs, being the property of the several officers to whom they are payable, could not be remitted by the governor." *State v. McO'Blenis*, 21 Mo. 272, states the rule as follows: "Costs for which judgment has been given are not remitted by a pardon of the offense subsequent to the judgment, because there was an interest vested in private persons." These authorities might be largely multiplied, but it is unnecessary. The same considerations control the judgment for costs in this case. It is said the "canceling of the forfeiture cancels the judgment based on it." That is true to the extent that the judgment is not the property of others. With equal force could it be said that a pardon for an offense would cancel a judgment based upon a conviction for it. While the pardon would reach the penalty, it would not the costs, as we have seen.

II. The remission by the governor, if effectual to remit the judgment except for costs, cancels a claim of

the county attorney for certain commissions and fees for which a lien is filed against the judgment. The items of the claim are: "Attorney's fee taxed in Snowden case, thirty-five dollars; commission on amount of Beebee judgment, thirty-five dollars; copy fees in Beebee case, two dollars and fifty cents." The item for copy fees is legitimately a part of the costs in the case. They are allowed as such. See Rule 1 of rules of practice adopted by the district judges. That item comes within the rule as announced in the first division of the opinion.

*2. ——: judgments on: lien for attorney fees and commissions.*

The item for "attorney's fee" is, as we understand, an allowance for prosecuting in the criminal case against Snowden, wherein the default occurred giving rise to the suit on the bond, which is the one at bar. The item for "commission on Beebee judgment" is a percentage on the judgment in this case. No judgment has been entered in this suit for the attorney's fee and commission, for they are claimed from the amount of the judgment entered, because allowed by law.

In argument counsel have not been led to consider the right of the county attorney to a lien upon this particular judgment for such items of the claim. The record in the *Snowden case* is not before us, and we may assume that the item for attorney's fee was properly taxed therein; but we have no intimation of the grounds upon which it may be made a lien upon the judgment in this case, nor do we know of any law authorizing it. It is not an attorney's fee in this suit, and the law does not appropriate the judgment of forfeiture to its payment. The proceeds of the judgment, when collected, go to the school fund of the county. Code, section 3370. The two judgments are independent, and the law for attorneys' liens gives no right to make the judgment for fees in the criminal case a lien

upon the judgment of forfeiture in this case. As to the item for "commission" on the judgment in this case, we find nothing in the law to justify such a claim. The provision of the law on which we think reliance is placed by the county attorney is a part of section 11, chapter 73, Acts Twenty-first General Assembly, where, speaking of the compensation of the county attorney, it is provided: "Said salary to be paid quarterly, * * * and, in addition thereto, for all fines collected (and school-fund mortgages foreclosed), the same fees as are now allowed to attorneys for suits on written instruments." The right to such commission is purely statutory, and in cases of forfeitures none is provided. Our law deals with fines and forfeitures, and preserves a distinction, at least generally. The fact that there may be as potent reasons for the allowance of an attorney's fee in cases of the collections of a forfeiture as where fines are imposed, does not authorize us to ingraft upon the law such a provision, nor to assume such a legislative intent in view of the fact that the legislature has so generally, if not invariably, employed the words with different meanings. The thought is much strengthened by the fact that the compensation of the district attorney, as fixed by Code, section 3775, allowed a percentage on all "fines and forfeitures" collected by him. By the act fixing the compensation of the county attorney that law was repealed, and the word "forfeitures" omitted. We conclude that the county attorney is not entitled to recover from the defendant the items for attorney's fee and commission, and that the order of the district court, in so far as it directed a recovery thereof on execution, is erroneous.

III. It is said that the defendant's liability is measured by the penalty in the bond, which is five hundred dollars, and hence he is not liable for the costs. It will be remembered that the costs in question are those that

3. ——: sureties: liability for costs.

accrued in the action on the bond, and they follow the judgment by operation of law, as in an action on a note or other obligation, where the extent of liability is fixed.

IV.   It is lastly urged that there is "too little respect for the authority of the law regulating the duties of governors to hold that a district judge may annul his order on a motion filed by a county attorney." The law makes no distinction between a district judge and the higher judges of the state in this respect. The executive and judicial are co-ordinate branches of the state government, with their respective duties assigned. While in the discharge of their respective duties, the officers of these departments should observe due consideration and respect, it is alike their duty to maintain that fearlessness and independence that will avoid any undue subserviency or favoritism. It was the duty of the district court, as it is of this, to apply the law in its letter and spirit to the facts as presented or found, and declare its judgment without fear of or consideration for official rank or station. This is not a proceeding against the governor of the state. The case is between individual citizens, involving their personal pecuniary rights, and a question of how those rights are affected by the official acts of the governor. No objection was made to this proceeding upon motion below, and it can not be questioned here.

The order of the district court should be so modified as to conform to this opinion. The costs of this appeal will be paid by appellee. With the modification suggested the judgment will be AFFIRMED.

*4. GOVERNOR: duty of courts to control.*