## STATE OF IOWA v. J. H. MATEER, Appellant.

**Liquor Nuisance:** NOTICE TO OWNER. Under Code, 1873, section 1558, as amended by Acts Twenty-first General Assembly, chapter 66, section 12, providing that the premises used for illegal sale of liquors with the knowledge of the owner thereof, shall be liable for all fines, costs, and judgments incurred thereby, one who owned a building for two months immediately preceding the finding of the indictment, during which time intoxicating liquors were kept and sold therein, is charged with knowledge of the use it was put to.

**Action:** LIQUOR NUISANCE: *Parties.* The owners of property on which a liquor nuisance is maintained, who have sold the same, are not necessary parties to an action under Code, 1873, section 1558, as amended, to subject such property to a judgment rendered on account of keeping such nuisance, as the demand for relief is against the property instead of such former owners.

**Limitation of Action:** STATUTE PENALTY: *Liquor Nuisance.* An action under Code, 1873, section 1558, as amended, to subject real estate to a judgment rendered on account of a liquor nuisance, is not within section 2529, providing that actions ' for a statutory penalty," cannot be brought after two years from the time the cause of action accrues.

ESTOPPEL. Delay in prosecuting an action to subject the premises wherein liquors were sold in violation of law to the payment of the fines and costs, will not estop the state from obtaining the relief demanded, where the property changed hands several times during the pendency of the action, and the state was unable to obtain service of process on the owners.

**Lis pendens.** A purchaser of land during the pendency of an action to subject it to a judgment rendered on account of a liquor nuisance cannot claim protection as a purchaser in good faith without any actual knowledge of the pendency of the action where all the requirements of the statute for giving constructive notice of the rights of the state have been met, under Code, 1873, section 2628, providing that when a petition has been filed affecting real estate, the action is pending so as to charge third persons with notice of its pendency, and during such pendency no rights can be acquired by third persons.

SAME. The filing of a petition in an action by the state to subject the premises wherein liquors were sold in violation of law to the pay-

ment of the fine and costs incurred by the seller, which alleged that the judgment was rendered on account of unlawful sales carried on on the premises. that defendants claimed to own or have an interest therein, and which requests a lien, is sufficient to apprise third persons of the rights of the state and of the relief demanded.

Costs: GOVERNOR'S REMISSION. The governor has no power to remit or suspend the collection of the costs awarded against the defendant on the trial of an indictment for keeping a liquor nuisance.

FINES. An order by the governor suspending the further execution of a specified judgment for maintaining a liquor nuisance because it is represented that the defendant's health is in such a condition that further confinement will endanger his life, does not operate as a remission of the fine imposed on defendant, although it will prevent, during such suspension, the maintainance of an action under Code, 1873, section 1558, to subject the real estate to the payment of the judgment for the amount of such fine.

*Appeal from Mahaska District Court.*—HON. A. R. DEWEY, Judge.

THURSDAY, APRIL 7, 1898.

ACTION in equity to subject certain real estate to a judgment rendered on account of a liquor nuisance. There was a hearing by the court, and a decree in favor of the state, from which the defendant, J. H. Mateer, appeals.—*Modified and affirmed.*

*W. H. Keating* and *L. C. Blanchard*, for appellant.

*Byron W. Preston* for the state.

ROBINSON, J.—On the tenth day of October, 1891, Shorty Hawkins was charged by indictment with the crime of nuisance committed by keeping for sale and selling on the premises in controversy intoxicating liquors in violation of law. In April, 1892, he was tried, and found guilty of the offense charged, and adjudged to pay a fine of seven hundred dollars and the costs of prosecution. The judgment also provided that he stand committed to the jail of Mahaska county until

the fine and costs should be paid. Hawkins was imprisoned for a time, but was released under order of the governor of the state, which, in terms, suspended the further execution of the judgment. When Hawkins was released, he had become entitled to a credit on account of the fine, of sixty-three dollars and fifty cents. Hawkins did not own the premises in controversy, and this action was commenced on the twenty-first day of May, 1892, to subject the premises to the payment of the judgment, Frank Peters, J. H. Stubenrauch, and H. M. Van Vliet being made parties defendant. The property was at one time owned by Isabelle McNeilan, but on the seventh day of August, 1891, she conveyed it to Stubenrauch, by a deed which was recorded on that day. On the tenth day of the same month Stubenrauch conveyed the premises to Peters by a deed which was recorded on the fifth day of the next month. On the fifteenth day of August, 1891, Peters conveyed the premises to Annis Milner, and the deed of conveyance was recorded on the twenty-seventh day of June, 1892. On the third day of May, 1893, Mrs. Milner conveyed the property to the defendant, J. H. Mateer. On the day the deed to Mrs. Milner was recorded, the plaintiff filed an amendment to its petition, making her and her husband parties defendant; and on the sixteenth day of July, 1894, a second amendment, making Mateer a defendant, was also filed. None of the defendants named, excepting Mateer, were served with notice of the action, and he alone appeared to it. The district court found that he was the owner of the premises, and that he purchased them while this action was pending, and charged with notice of the rights of the plaintiff. A decree was accordingly rendered subjecting the premises to the payment of the judgment against Hawkins.

I.   This action was brought under the provisions of section 1558 of the Code of 1873, as amended by section 12 of chapter 66 of the Acts of the Twenty-first General Assembly, which are as follows: "For all fines and costs assessed, or judgments rendered against any person for any violation of the provisions of this chapter, * * * the personal and real property, except the homestead and the personal property of such person which is exempt from execution, as well as the premises and property, personal or real, occupied and used for the purpose, with the knowledge of the owner thereof or his agent, by the person manufacturing or selling or keeping with intent to sell intoxicating liquors contrary to law, shall be liable; and all such fines costs and judgments shall be a lien on such real estate until paid. * * *" It is contended that the state has failed to show that any of the sales by Hawkins were made with the knowledge of the person who owned the premises when the sales were made, or within the knowledge of his agent; and we think that is true with respect to all owners of the property prior to the time the indictment was found, excepting Annis Milner. She owned the property from the fifteenth day of August, 1891, until the third day of May, 1893, and therefore was its owner for nearly two months immediately preceding the finding of the indictment, and the evidence is ample to show that during all of the time last mentioned intoxicating liquors were kept and sold in the property in violation of law, and that Mrs. Milner must be charged with having knowledge at that time of the true character of the business which was being carried on.

II.   Section 2628 of the Code of 1873 is as follows: "When a petition has been filed affecting real estate, the action is pending so as to charge third persons with notice of its pendency, and while pending no interest can

be acquired by third persons in the subject-matter thereof as against the plaintiff's title, if the real property affected be situated in the county where the petition is filed." The petition in this case was properly filed and duly indexed, and thus gave notice to all persons of the right of the state to have the judgment against Hawkins established as a lien on the property in controversy. Some claim is made to the effect that the petition and its amendment did not show who was the owner of the property while Hawkins was maintaining the nuisance; but we do not think there were any defects in that respect of which the appellant can take advantage. The petition showed the judgment against Hawkins; that it was rendered on account of the unlawful keeping for sale and selling of intoxicating liquors; that the unlawful business was carried on in the property in controversy; that a lien therefor was asked against the property, and that Mrs. Milner and other persons named claimed to own or have an interest in it. The averments were ample to apprise third persons of the rights of the state and the relief demanded. It is said that the persons who owned the property while this nuisance was being maintained were necessary parties to the action, but, as the demand for relief was against the property, and not for a personal judgment against its owner, unless for costs in case the demand was resisted, there was no necessity for making any person excepting the owner of the property at the time of the trial a party to the action. It is true that the petition and amendment thereto named several persons as owners, or as interested in the property, but at the time of the trial Mateer was the sole owner, and the only one the state was compelled to make a party defendant; and he was given the opportunity to make defense to the action. See *Buckham v. Grape,* 65 Iowa, 535; *Shear v. Green,* 73

Iowa, 688. There is much reason for concluding that an attempt was made by persons interested, to conceal the ownership of the property. Some of the grantees in the chain of title we have set out were non-residents of the state, and notice of the action was not served on them for that reason. Mrs. Milner's interest in the property was unknown to the state until the deed to her was recorded, and soon after that time she disappeared, and notice was not served upon her because the state did not know where she could be found. The appellant's ownership was not known to the state until the time when he was made a party to the action, and notice was served on him two days later. It may be that greater diligence could have been exercised by the state in the prosecution of the case, but, in view of the circumstances which tended to justify delay, we do not think the failure of the state to prosecute the case with greater diligence is sufficient ground for denying to it the relief it demands. The appellant claims that he purchased the property in good faith, without any actual knowledge of the pendency of this action; but all the requirements of the statute to give constructive notice of the rights of the state had been met, and the fact that he did not have actual knowledge of the action is not a defense.

III.    It is claimed that this action is barred by that part of section 2529 of the Code of 1873, which provides that actions "for a statute penalty" cannot be brought after two years from the time the cause of action accrued. This is not an action to recover a statute penalty, within the meaning of that provision, but is founded upon a judgment. The fact that the judgment was rendered for a penalty authorized by statute does not limit the time within which this action could have been commenced, in two years.

IV. We are next required to determine the effect of the order of the governor, to suspend the execution of the judgment. The order contains the following: "I, Horace Boies, governor of the state of Iowa, in the name and by the authority of the people thereof, do hereby suspend the further execution of the judgment of the district court of Mahaska county [describing the judgment in controversy]. This suspension is granted because it is represented to me by the county physician of Mahaska county that defendant's health is in such a condition that further confinement will endanger his life. The governor of the state may at any time, and especially upon violation of any of the foregoing conditions, summarily revoke this instrument, and direct the execution of the sentence as aforesaid." This was dated July 8, 1892, and, acting under it, the sheriff discharged Hawkins. The governor of this state has power "to grant reprieves, commutations, and pardons, after conviction," and to "remit fines and forfeitures," under such regulations as may be prescribed by law. Constitution, article 4, section 16. Section 4712 of the Code of 1873 provides that "the governor shall have power to remit fines and forfeitures upon such conditions and with such restrictions and limitations as he may think proper."— That the governor had the power, under these provisions, to remit the fine in question, is not controverted, but there is nothing in the language of the order which we have quoted to show that the governor intended to remit the fine. In that respect it differs from the order considered in *Harbin v. State*, 78 Iowa, 263. At the time the order in question was issued, the judgment was being executed by confining Hawkins in the county jail. The order was not an unconditional remission, but a suspension of the "further execution" of the judgment, and was granted because of the representations

that further confinement would endanger the life of
Hawkins. The order shows that it was granted because
of the representations made respecting the effect to be
apprehended from prolonging his confinement, but the
order was not limited to suspending so much of the
judgment as required imprisonment. The order was
comprehensive in its terms, and included the entire
judgment, and we are not authorized to so construe
the language used as to limit it to imprisonment.
That it was within the power of the governor to
grant a conditional suspension of the judgment
is settled by the adjudications of this court. *Arthur
v. Craig*, 48 Iowa, 264; *Harbin v. State*, 78 Iowa, 263;
*State v. Beebee*, 87 Iowa, 636. We conclude, therefore,
that, as a revocation of the governor's order is not
shown, the bringing of this action, so far as it related
to the fine imposed on Hawkins, is at least premature,
and that the right to maintain it as to such fine has not,
for that reason, been established. But this is not
true with respect to the costs. The governor had
no power to remit them, nor to suspend their col-
lection. *State v. Beebee, supra; Estep v. Lacy*, 35 Iowa,
419. The costs taxed against Hawkins amounted to the
sum of one hundred and seventy-nine dollars and fifty
cents, including an attorney's fees of forty dollars. It
is said, however, that under the rule in the *Beebee Case*
no recovery can be had in this action for an attorney's
fee. The *Beebee Case* was unlike this, but whether it is
an authority against the right of the governor to sus-
pend the collection of the attorney's fee taxed as costs
against Hakins we need not determine, for the reason
that no right to recover that fee appears to be claimed
by the state. Its argument on that point is obscure,
but we understand it to say, in effect, that a receipt for
the fee has been given, and that nothing is asked on
account of it. For that reason it will be deducted from

the amount of costs for which judgment was rendered. A decree will be rendered in favor of the state for the costs remaining after deducting the attorney's fee, and establishing a lien therefor on the premises in controversy. The decree of the district court is MODIFIED AND AFFIRMED.