TATE, Judge.
This case involves a question of first impression in Louisiana. Under Article 5, Section 10 of the Louisiana Constitution of 1921, LSA, the Governor of the State has the power, upon the recommendation of the Board of Pardons, to “remit fines and forfeitures”. At issue here is the extent, if any, of the Governor’s power under this provision to remit the forfeiture of criminal bail bonds.
This case comes before this court for the second time. In the first instance, we dismissed for procedural reasons the mandamus suit brought by the plaintiff, a licensed surety company, to recover the amount of twenty-five hundred dollars forfeited by it as surety on a bail bond. La.App., 131 So.2d 623.
Thereafter, the present suit was instituted by ordinary process to recover this same amount. To this suit, the defendant police jury filed an exception of no cause of action based, inter alia, on the ground that the Governor’s constitutional pardoning power does not include the power to remit the forfeiture of a criminal appearance bond. The trial court sustained the exception for this reason and dismissed this suit. Hence, the plaintiff appeals.
The defendant police jury contends that the intent of the constitutional article giving the Governor the power to remit forfeitures was only to permit the pardon or remission of forfeitures resulting from conviction of a crime or of criminal use (such as, for example, of equipment used in illegal shrimping, LSA-R.S. 56:507, or of vehicles or vessels being used in violation of narcotics laws, LSA-R.S. 40:1039). The trial court agreed and held that the Governor’s pardoning power does not include the power to remit the forfeiture of appearance bonds, whereby a surety has bound himself by civil contract to pay the amount of the bond if the accused does not appear when called — that is, that a forfeiture of an appearance bond is not a penalty for any crime committed, but is merely the result of a contractual obligation freely entered into by the surety on the appearance bond, to which civil liability the Governor’s crime pardoning power does not appertain.
The plaintiff-appellant, of course, contends, to the contrary, that the Governor’s constitutional power to remit “forfeitures” includes the power to remit the forfeiture of criminal appearance bonds.
*397 On February 28, 1958, a judgment was entered pursuant to LSA-R.S. 15:108 decreeing the forfeiture of an appearance (bail) bond in the amount of $2500 because the accused in a criminal case had failed to appear when called. On October 24, 1958, the plaintiff Summit, the surety on the bond, paid the forfeiture in this amount, after demand by the Sheriff. See LSA-R.S. 15:108. On November. 5, 1958, the Sheriff transmitted this forfeiture to the defendant police jury, retaining his statutory commission of ten per cent. Thereafter, the police jury paid to the district attorney his statutory commission of twenty per cent of the amount of the bond.
On July 28th, 1959, some eight months after the monies forfeited were paid over to the Sheriff, the Acting Governor of the State remitted the forfeiture of the bail bond in question, pursuant to a recommendation of the Board of Pardons dated November 24, 1958. The plaintiff surety company thereupon applied to the defendant police jury for reimbursement of the $2500 previously decreed forfeited and paid over. The police jury refused to repay the monies previously collected.
It is not disputed that the executive pardoning power is primarily an exercise of discretionary clemency relating to criminal liability. 67 C.J.S. Pardons § 4, p. 569. “The pardoning power cannot be used to release or destroy the civil rights or remedies of private individuals, or to relieve against private obligations, civil penalties and forfeitures, or an order or judgment in a civil action or proceeding”, 67 C.J.S. Pardons § 5 at p. 570.
Nevcrtheless, as the plaintiff-appellant points out, the weight of authority is to the effect that a constitutional provision granting the Governor pardoning power “to remit fines and forfeitures” includes within its scope the authority to remit forfeited bail bonds. See cases cited by appellant: Tinkle v. State, 230 Ark. 966, 328 S.W.2d 111, 77 A.L.R.2d 979 (1959); State v. Wynne, 356 Mo. 1095, 204 S.W.2d 927 (1947); Harbin v. State, 78 Iowa 263, 43 N.W. 210 (1889).[1]
See also: Annotation, “Governor’s authority to remit forfeited bail bond”, 77 A.L.R.2d 988; 8 C.J.S. Bail § 91, p. 181.
Contentions similar to those made by the present defendant-appellee have in these authorities been rejected when raised. Moreover, unlike in some of the jurisdictions in question, in Louisiana a judgment ordering a forfeiture of a criminal appearance bond recognizes a criminal, not a civil, liability. State v. Shelton, 227 La. 27, 78 So.2d 498. We hold, therefore, that the Governor’s power to remit “forfeitures” basically includes the power to remit the forfeiture of bail bonds.
But the power to remit fines and forfeitures before they have been paid, does not necessarily include the power to remit them after they have been collected and disbursed to governmental units and officers having a statutory right to share in them.
None of the authorities relied upon by the plaintiff-appellant concern a situation similar to the present, where by virtue of a Governor’s pardon the surety on the bail *398 bond seeks to recover money which he has already paid. The decisions relied upon by the appellant’s able counsel concern only the annulment or attempted annulment of bail forfeitures by reason of a pardon, before the monies decreed forfeited were actually paid over by the surety to the appropriate governmental body.
A different rule applies before a fine or forfeiture has been paid than does af-terwards. For, even though the Governor under his pardoning powers does have the power to remit fines and forfeitures before they have been collected, likewise by the great weight of authority the power of the Governor to remit fines and forfeitures does not include the power to remit a fine or forfeiture after (as in the present case) it has actually been collected and disbursed to the appropriate officers or governmental bodies entitled to share in the monies so paid.
Thus, at 67 C.J.S. Pardons § 11, p. 580, the general rule is stated as follows:
“The granting of a general pardon to a party convicted, or a partial pardon, by remitting his fine, will not entitle the party to a restitution of the fine, or to indemnity for any part of the penalty which he may have paid or suffered, particularly after it has been turned over to the appropriate fund; but the rule is otherwise where the fine is in the control and possession of the court.”
See also 39 Am.Jur. “Pardon, Reprieve and Amnesty”, Section 61, p. 556, stating that “a pardon or remission of a fine, after the fine has been paid by the offender and turned over to the county by the sheriff, does not entitle the one pardoned to a restitution of the fine.”
Or, as stated at 39 Am.Jr., “Pardon, Reprieve and Amnesty”, Section 26 p. 534: “There is, however, an important exception to the power of the executive to remit fines and forfeitures; he can remit only the interest of his jurisdiction in the fine or forfeiture, and not the interests of third parties therein which. have become fixed and vested.”
A uniform line of decisions holds that the pardoning power of the executive to remit fines or forfeitures does not include the power to require the restitution of monies already paid and disbursed to the local governmental units or officers (or to private parties, such as informers) having a statutory right to share in such proceeds. See Annotation, “Right to recover back fine or penalty paid in criminal proceeding,” 26 A.L.R. 1523 (especially, “VII. Recovery of fine after pardon,” 26 A.L.R. 1536 et seq.) ; Note, "Effect of pardon on fine, forfeiture, or costs”, 15 L.R.A. 395; 29 Am.Jur. “Pardon, Reprieve and Amnesty”, Section 26 (pp. 533-534), Section 61 (p. 556).
These cases recognize that the right of an individual or governmental body to share in the proceeds has not vested so long as the fine or forfeiture has not been paid or so long as the money is still in the possession of the court (or of the sheriff, in his capacity as the arm of the court) ; the remission of the fine or forfeiture is then still within the scope of the pardoning power of the executive to relieve against criminal liability arising from offenses against the state. However, after the monies fined or forfeited have been paid into the treasury of the local government or to individuals entitled to share in them, then it is uniformly held that the executive power to grant clemency in cases of criminal liability cannot affect the civil property rights of the individuals or the governmental agencies concerned, which rights became vested upon payment to them of the monies to which they were entitled by law as a result of the collection of the fine or forfeiture.
In the case now before this court, the Governor did not exercise his pardoning power and remit the forfeiture of the bail bond until some eight months after the amount forfeited had been paid to the police jury. The then-vested property rights of this governmental body and of the public *399 officers entitled to commissions or fees for the amount thus collected, could not subsequently be divested by the exercise of the Governor’s pardoning power, which extends only to criminal liabilities and which cannot destroy vested civil property rights of individuals or of other governmental units.
For these reasons, the trial court correctly sustained the exception of no cause of action and dismissed this suit. We affirm its judgment. The plaintiff-appellant .to pay all costs.
Affirmed.

. Appellant also cites French v. Stone, 224 Ala. 234, 139 So. 328 (1932), Walker v. State, Tex.Civ.App., 103 S.W.2d 404 (1937), and Ex parte Thomas, 108 Tex. Cr.R. 653, 2 S.W.2d 270 (1928). In the first decision, the legislative remittitur of a forfeited bond was held to be invalid as an infringement upon executive powers. The second case cited was a suit in equity to set aside a judgment forfeiting a bail bond, where the court specifically noted that only the judicial power to set aside an ¿«.valid judgment of forfeiture was at issue, not the executive power to remit a valid judgment of forfeiture. 103 S.W.2d 406. The last case simply held that the pardoning power to remit fines was constitutionally vested in the Governor alone, so that the attempted remission by a county commissioner’s court was invalid. None of these decisions thus is in point.